PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
JASON K. SCHRADER, SBN 258706
TRIAL ATTORNREY
ASSISTANT UNITED STATES TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Jason.K.Schrader@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>RUSSEL DENNIS HILES, III,<br><br>Debtor. | Case No. 6:16-bk-16877-WJ<br><br>CHAPTER 11<br><br>**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO MOTION FOR AUTHORITY TO:**<br><br>**(1) EMPLOY CONCIERGE AUCTIONS, LLC TO AUCTION DEBTOR'S PROPERTY AND PAYMENT OF MARKETING FEES AND AUCTIONEER FEES (BUYERS PREMIUM);**<br><br>**(2) EMPLOY CASCADE SOTHEBY'S INTERNATIONAL REALTY AS REAL ESTATE BROKER;**<br><br>**(3) SELL THE PROPERTY AT AUCTION SUBJECT TO COURT APPROVAL AND ALLOWING ACCEPTANCE OF BACK-UP BIDDERS;**<br><br>**(4) ESTABLISH BIDDING PROCEDURES;**<br><br>**(5) SCHEDULE HEARING DATE FOR APPROVAL OF AUCTION;**<br><br>**(6) PAY SECURED CREDITOR, PROPERTY TAXES, AND CLOSING** |

**COSTS; AND
(7) APPROVE SALE FREE AND
CLEAR OF LIENS PURSUANT TO 11
U.S.C. SECTION 363(f)
AN ORDER ALLOWING DEBTOR TO
SELL PROPERTY OF THE ESTATE**

Date:    September 13, 2016
Time:    1:00 pm
Ctrm:    304

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, AND ALL PARTIES-IN-INTEREST:**

Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee"), hereby objects to the motion ("Motion")[1] of Russel Dennis Hiles, III ("Debtor") for an order authorizing the Debtor to employ estate professionals and sell property of the estate consisting of real property located in Bend, Oregon, and which is more particularly described in the Motion ("Property").

**1. The Motion Should Provide Additional Evidence to Justify the Commission and Buyer's Premium to be Paid to the Broker and Auctioneer.**

The Debtor seeks to employ Concierge Auctions, LLC ("Concierge") to act as an auctioneer to hold an advertised public "on-line" auction of the Property on or about October 27, 2016. The Debtor further seeks to employ Cascade Sotheby's International Realty ("Sotheby's) as a real estate broker, which will "coordinate" with Concierge on the Property auction. For their respective services, Concierge will be paid a "buyer's premium of the greater of $175,000 or ten percent (10%)," while Sotheby's "will be paid a five percent (5%) commission from the Debtor to be split

---

[1]    Docket No. 32.

-2-

with any buyer's broker."[2] [Motion, ¶¶. 15, 17].[3]   The Debtor has scheduled the Property as having a value of $12 million. Therefore, the commissions and/or buyer's premiums to be paid upon a sale may total as much as $1.8 million.

The Motion fails to delineate the responsibilities of each of the professionals to be employed by the estate, explain why the compensation for their services is reasonable in light of the coordination among the professionals, and why overall compensation in a range of 15 percent[4] is warranted for the sale of the Property. Consequently, the Court lacks important information that is necessary to determine that the professionals' proposed compensation is reasonable.

**2. The Motion Fails to Disclose Several Significant Terms from the Agreement with Concierge.**

The motion does not describe several significant terms of the Debtor's agreements with Concierge and Sotheby's. Among other things, those undisclosed terms include:

>    *a.* If a bidder submits a "pre-auction opening bid, assuming such opening bidder is the winning bidder," the Debtor will provide a credit towards the sale price equal to 5% of the opening bid. [Exhibit 2, page 25 of the Motion]. Such a credit apparently would reduce the sale proceeds payable to the Debtor.

---

[2]   In evaluating the reasonableness of Sotheby's compensation, its prepetition listing agreement with the Debtor provides some insight. [*See* Exhibit 5 to the Motion, ¶ 15 of the Listing Agreement]. That agreement provided Sotheby's with the same 5% that it now seeks, even though the employment of Concierge must significantly reduce the work that Sotheby's will perform.

[3]   If there is no buyer's broker, Sotheby's will be paid four percent (4%) of the sale price. [Motion, Par. 17].

[4]   The U.S. Trustee understands that Concierge is to be paid a "buyer's premium," and not a commission.  However, a sophisticated buyer of real property is likely to calculate the effect of the premium and subtract it from the total that it wishes to pay for the Property.  Hence, the net effect of a buyer's premium on the *net amount* realized by a seller is substantially the same as if a professional charged a commission.

-3-

   *b.* If the Debtor "enters into any contract for sale of the Property, for which Concierge would be entitled to a Buyer's Premium, and the buyer defaults, then Concierge and [Debtor] each will be entitled to receive 50% of any deposit." [*Id.*]. In contrast, the Motion states that "[i]f a bidder fails to close due to its breach, it will lose its deposit. There will be no refunds whatsoever." [Motion, 8:19-20].

   *c.* Concierge's liability is limited to acts of gross negligence. Moreover, its maximum liability it is limited to "the compensation actually received by Concierge under this Agreement." [Exhibit 2, ¶ 9]. Apparently, even if Concierge acted intentionally, recklessly, or with gross negligence, and that misconduct prevented a sale, it would have no liability because it received no compensation.

   *d.* If the Property is sold before the date of the auction, then the Debtor is responsible for paying the 10% commission on the sale price of the Property. [Exhibit 2, ¶5].

**3. The Motion does not Attach an Addendum to the Agreement with Concierge, or a Purchase Day Auction and Sale Agreement.**

The Motion attaches as Exhibit 2 the agreement between Concierge and the Debtor ("Concierge Agreement"). The Concierge Agreement states that the Debtor "agrees to execute and to cause its listing broker to execute Concierge's standard Addendum to Listing Agreement (a copy of which is attached) in advance of the marketing of the Property." [Exhibit 2, ¶ 8]. Although the Concierge Agreement states the Addendum ("Concierge Addendum") is attached, it is not attached to the Motion.

The Motion attaches as Exhibit 5 a prepetition Listing Contract Between the Debtor and Sotheby's ("Sotheby's Agreement"), and a postpetition Addendum to Listing Agreement between

-4-

Sotheby's and the Debtor ("Sotheby's Addendum). The Sotheby's Addendum provides that the Debtor will "pre-execute the purchase and sale agreement to be used for the Auction." [Sotheby's Addendum, attached as part of Exhibit 5, ¶ 5]. The purchase and sale agreement ("Purchase and Sale Agreement") referenced in the Sotheby's Addendum is not attached to the Motion.

Both the Purchase and Sale Agreement and the Concierge Addendum could alter or reinterpret the terms of the professionals' compensation and/or the terms of the sale of the Property. Thus, the Debtor could be bound by terms that it and/or the professionals did not disclose. Indeed, the Purchase and Sale Agreement and the Concierge Addendum are necessary to evaluate the reasonableness of the professionals' compensation, and whether the terms of the sale are fair and reasonable.

**4.    The Arbitration Provisions in Sotheby's Agreement Should be Stricken Because, By Requiring Adjudication by a Small Claims Court, Mediation, and Binding Arbitration, the Sotheby's Agreement Purports to Abrogate the Bankruptcy Court's Inherent Jurisdiction Over Professional Compensation.**

The Sotheby's Agreement provides that under certain circumstances, disputes regarding compensation must be resolved by the small claims court, mediation and/or binding arbitration [*See* Exhibit 5, Sotheby's Agreement, ¶ 14].  Specifically, the Sotheby's Agreement states that "all claims within the jurisdiction of the Small Claims Court shall be brought and decided there." To the extent that an appropriate mediation system is in place, all other claims must be mediated. "All claims that have not been resolved by mediation shall be submitted to final and binding private arbitration in accordance with Oregon laws."  [*Id.*]. Presumably, disputes regarding compensation fall within the scope of the dispute resolution provision.

Although the Federal Arbitration Act articulates a strong policy in favor of private arbitration agreements, they are not enforced where "Congress, by separate statute, sets forth a conflicting framework for dispute resolution." *See Startec Global Comm. Corp. v. Videsh Sanchar Nigam Ltd. (In re Startec Global Comm. Corp.),* 292 B.R. 246, 251 (Bankr. D. Md. 2003); *United States Lines, Inc. v. American S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.* (*In re U.S. Lines, Inc.*), 197 F.3d 631, 640 (2d Cir. 1999) (holding that a Federal Arbitration Act mandate may be overridden by a "contrary congressional command" such as the mandates set forth in the Bankruptcy Code). A court may decline to enforce an arbitration provision if the proceeding involves "core" matters. *In re Lucas,* 312 B.R. 559, 569 -571 (Bankr. D. Md. 2004); *Startec,* 292 B.R. at 252 n. 13.

The treatment of compensation paid to a bankruptcy estate professional is a core matter, as to which a Bankruptcy Judge may enter final orders. *See* 28 U.S.C. § 157(b)(1), 157 (b)(2)(A),(O). The Ninth Circuit traditionally has held that Bankruptcy Courts hold "broad and inherent authority" over professional compensation, and should adjudicate matters involving disgorgements and whether a professional is disinterested or holds an adverse interest. See *Law Offices of Nicholas A. Franke v. United States Trustee*, 113 F.3d 1040, 1045 (9th Cir. 1997).

Because fee disputes and issues related to disgorgements are core proceedings they fall within an extremely narrow category of disputes which "Congress never envisioned being delegated to nonjudicial entities for resolution." *In re Home Express, Inc.,* 226 B.R. 657, 659 (Bankr.N.D.Cal. 1998). Absent a separately noticed motion by the Debtor justifying an alternative framework for dispute resolution, the Court should exercise its "paramount and exclusive" jurisdiction over Proposed Counsel's compensation. *Brown v. Gerdes*, 321 U.S. 178, 183-84, 64 S.Ct. 487 (1944).

Accordingly, the U.S. Trustee requests that the Court strike the Dispute Resolution provision in the Sotheby's Agreement with respect to claims regarding professional fees and compensation.

**5.  The Prevailing Party Provisions of the Concierge Agreement and the Sotheby's Agreement Should be Stricken.**

The Concierge Agreement broadly provides that in the event of litigation involving disputes relating to the Concierge Agreement, "the prevailing party shall be entitled to reimbursement from the non-prevailing party of all reasonable attorney's fees and costs/expenses of the prevailing party and any award of the court will include costs and reasonable attorneys' fees to the prevailing party." [Concierge Agreement, attached to the Motion as Exhibit 2, ¶ 17].

Likewise, the Sotheby's Agreement states that in the event that any "mediation, arbitration, or litigation, suit or action ("Dispute") is commenced under [the Sotheby's Agreement], or relating to the Property, the prevailing party shall be entitled to their reasonable attorney's fees and costs in connection with such Disputes and in any appeal or enforcement." [Sotheby's Agreement, attached to the Motion as part of Exhibit 5, ¶ 10].

The Supreme Court recently held that Section 330(a) does not authorize a court to approve a law firm's fees for litigating its fee application. *Baker Botts LLP v. ASARCO LLC*, ___U.S. ___, 135 S.Ct. 2158 (2015) ("ASARCO"). Subsequently, firms seeking employment as bankruptcy professionals have endeavored to devise an ASARCO "workaround" by seeking court approval for fee defense provisions under Section 328(a). However, for the same reasons articulated by the Supreme Court in ASARCO, the Court should decline to approve the fee defense provision in the

Concierge Agreement and the Sotheby's Agreement.[5] *See generally, In re Boomerang Tube, Inc.*, No. 15-11247 (MFW), 2016 WL 385933, at *2 (Bankr. D. Del. Jan. 29, 2016) (sustaining U.S. Trustee's objections to a fee defense provision and holding that "section 328 does not provide a statutory exception to the American Rule") (citations omitted).[6]

The Debtor may not have intended to include fee defense provisions in the Concierge Agreement and Sotheby's Agreement. However, the provisions violate the Bankruptcy Code, the American Rule relating to fees, ignore the directives of the United States Supreme Court, and are

---

[5] The Motion is somewhat ambiguous regarding how the professionals will be compensated. In the case of both professionals, it request compensation under Sections 328, 330, and 331. [Motion, ¶¶ 16, 22]. The Motion does not reference any particular subsections of Section 328 and it also references both Sections 328 and 330. [*Id.*]. Consequently, it is unclear whether the professionals are seeking a restricted review under Section 328(a), or are referencing Section 328 only with respect to subsection (c), which permits a court to deny compensation to a professional to the extent that professional is not disinterested. To the extent that the professionals are not seeking a restricted review under Section 328(a), they would be subject to a reasonableness review under Section 330 and ASARCO would preclude them from receiving compensation as a prevailing party. Additionally, the Motion's ambiguity is grounds for the Court to deny it. *See* Local Bankruptcy Rule 2014-1(b)(1) (requiring professionals to specify unambiguously whether the professional seeks compensation under Section 328 or Section 330).

[6] To date, at least four additional bankruptcy judges have adopted the reasoning of the *Boomerang Tube* decision. *See In re Samson Resources Corporation, et al.*, 15-11934 (CSS), Docket No. 641 (Bankr. D. Del. Feb. 8, 2016) (denying retention application term that provided fee defense reimbursement for debtors' attorneys); *In re KaloBios Pharmaceuticals, Inc.*, 15-12628 (LSS), Docket No. 156 (Bankr. D. Del. Feb. 8, 2016) (same); *In re Magnum Hunter Resources Assocs., LLC*, 15-12533 (KG), Docket No. 881 (Bankr. D. Del. Mar. 22, 2016) (entered order denying retention term that permitted the reimbursement of defense fees "consistent with the opinion and ruling in *In re Boomerang Tube*").

In *In re New Gulf Resources, LLC*, 15-12566 (BLS), Docket No. 395 (Bankr. D. Del. Mar. 16, 2016), the bankruptcy court also endorsed the *Boomerang Tube* decision when it denied a proposed retention term that would pay a contingent 10% fee premium if the law firm defended its fee application. The court acknowledged that the law firm took a "creative approach" but nonetheless held that "the structure proposed . . . . runs afoul of the holdings in *ASARCO* and *Boomerang Tube*." *Id*.

otherwise unreasonable. Accordingly, to the extent the provisions pertain to fee and compensation disputes, the provisions should be stricken.[7]

WHEREFORE, the U.S. Trustee respectfully requests that the Court sustain his objection, and grant such other and further relief as is justified.

DATED: August 30, 2016

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: */s/ Jason Schrader*
    Jason Schrader
    Trial Attorney

---

[7] To the extent that the Debtor desires to retain the prevailing party provisions, the U.S. Trustee would request an opportunity to supplement its objection with additional points and authorities supporting the denial of the compensation provision.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Office of the U. S. Trustee**
**3801 University Avenue, Suite 720**
**Riverside, CA 92501**

A true and correct copy of the document entitled (*specify*)**: LIMITED OBJECTION OF UNITED STATES TRUSTEE TO MOTION FOR AUTHORITY TO: (1) EMPLOY CONCIERGE AUCTIONS, LLC TO AUCTION DEBTOR'S PROPERTY AND PAYMENT OF MARKETING FEES AND AUCTIONEER FEES (BUYERS PREMIUM); (2) EMPLOY CASCADE SOTHEBY'S INTERNATIONAL REALTY AS REAL ESTATE BROKER; (3) SELL THE PROPERTY AT AUCTION SUBJECT TO COURT APPROVAL AND ALLOWING ACCEPTANCE OF BACK-UP BIDDERS; (4) ESTABLISH BIDDING PROCEDURES; (5) SCHEDULE HEARING DATE FOR APPROVAL OF AUCTION; (6) PAY SECURED CREDITOR, PROPERTY TAXES, AND CLOSING COSTS; AND (7) APPROVE SALE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. SECTION 363(f) AN ORDER ALLOWING DEBTOR TO SELL PROPERTY OF THE ESTATE**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  August 30, 2016,  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**See Attached Electronic Mail List**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   August 30, 2016 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Proof of Service certified by Everett L. Green, below.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  August 30, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

See Proof of Service certified by Everett L. Green, below.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 30, 2016 | Jason Schrader | /s/ *Jason Schrader* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Office of the U. S. Trustee**
**3801 University Avenue, Suite 720**
**Riverside, CA 92501**

A true and correct copy of the document entitled (*specify*)**:  LIMITED OBJECTION OF UNITED STATES TRUSTEE TO MOTION FOR AUTHORITY TO: (1) EMPLOY CONCIERGE AUCTIONS, LLC TO AUCTION DEBTOR'S PROPERTY AND PAYMENT OF MARKETING FEES AND AUCTIONEER FEES (BUYERS PREMIUM); (2) EMPLOY CASCADE SOTHEBY'S INTERNATIONAL REALTY AS REAL ESTATE BROKER; (3) SELL THE PROPERTY AT AUCTION SUBJECT TO COURT APPROVAL AND ALLOWING ACCEPTANCE OF BACK-UP BIDDERS; (4) ESTABLISH BIDDING PROCEDURES; (5) SCHEDULE HEARING DATE FOR APPROVAL OF AUCTION; (6) PAY SECURED CREDITOR, PROPERTY TAXES, AND CLOSING COSTS; AND (7) APPROVE SALE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. SECTION 363(f) AN ORDER ALLOWING DEBTOR TO SELL PROPERTY OF THE ESTATE**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  _August 30, 2016,_  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the  Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
See Proof of Service certified by Jason Schrader, above.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   _August 30, 2016_ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor:
Russel Denis Hiles, III
155 Metate Place
Palm Desert, CA 92260

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)
 _August 30, 2016_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Presiding Judge:  (by overnight mail, via Fed Ex)
Hon. Wayne E. Johnson
3420 Twelfth St., #385
Riverside, CA 92501

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 30, 2016 | Everett L. Green | /s/ *Everett L. Green* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# Mailing Information for Case 6:16-bk-16877-WJ

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **William F McDonald**   Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **Jason K Schrader**   jason.K.Schrader@usdoj.gov
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov
- **Rebecca J Winthrop**   rebecca.winthrop@nortonrosefulbright.com, darla.rodrigo@nortonrosefulbright.com
- **Jennifer C Wong**   bknotice@mccarthyholthus.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

> **Lavar Taylor**
> 3 Hutton Center Drive Suite 500
> Santa Ana, CA 92707

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.