Leonard M. Shulman - Bar No. 126349
Rika M. Kido - Bar No. 273780
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    LShulman@shbllp.com
    RKido@shbllp.com

Attorneys for Lynda T. Bui,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**RUSSEL DENNIS HILES, III,**<br><br>    Debtor. | Case No. 6:16-bk-16877-WJ<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S REPLY TO CREDITOR CHRISTOPHER BORGESON'S OBJECTION AND REQUEST FOR CONTINUANCE OF HEARING AND TIME TO OBJECT TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**<br><br>(1) **APPROVING THE SALE OF REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO BANKRUPTCY CODE §§ 363(b)(1) and (f), SUBJECT TO OVERBIDS, COMBINED WITH NOTICE OF BIDDING PROCEDURES AND REQUEST FOR APPROVAL OF THE BIDDING PROCEDURES UTILIZED;**<br><br>(2) **APPROVING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO BANKRUPTCY CODE §§ 363(b)(1) and (f);**<br><br>(3) **APPROVING PAYMENT OF REAL ESTATE COMMISSION AND OTHER COSTS; AND**<br><br>(4) **GRANTING RELATED RELIEF;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RIKA M. KIDO IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:    October 23, 2018<br>Time:    1:00 p.m.<br>Ctrm.:    304<br>Place:    United States Bankruptcy Court<br>    3420 Twelfth Street<br>    Riverside, CA 92501 |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5401-000\51\1286538.1

1

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND CREDITORS AND PARTIES-IN-INTEREST:**

Lynda T. Bui, Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Russel Dennis Hiles, III ("Debtor"), hereby submits her Reply ("Reply") to Creditor ("Creditor") Christopher Borgeson's Objection ("Objection") and Request for Continuance of Hearing and Time to Object to Trustee's Motion for Order: (1) Approving the Sale of Real Property of the Estate Free and Clear of Certain Liens Pursuant to Bankruptcy Code §§ 363(b)(1) and (f), Subject to Overbids, Combined With Notice of Bidding Procedures and Request for Approval of the Bidding Procedures Utilized; (2) Approving Sale of Personal Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(f); (3) Approving Payment of Real Estate Commission and Other Costs; and (3) Granting Related Relief, Docket No. 356 ("Sale Motion"), as follows:

## I.    ARGUMENTS IN REPLY TO OBJECTION

**A.    Creditor's Request for a Forty-Five Day Continuance of the Hearing on the Sale Motion Based Solely on Creditor's Speculative Venture to Purchase the Bend Property[1] Prejudices the Estate.**

Without any evidence or even offering to maintain the *status quo*, such as paying the ever increasing mortgage, Creditor unreasonably requests that this Court continue the hearing on the Sale Motion for 45 days so that he and two other creditors may "explore possible alternatives" to the sale of the Bend Property to the Buyer. The Creditor only offers a belief – again, unsupported by any evidence – that "a higher value may be obtained for the assets that are being offered by the proposed sale by putting together a group of creditors (or others) to purchase the property and hold, develop or later re-sell the property as a 'non-bankruptcy' seller rather than as a current bankruptcy seller." In other words, the Creditor is asking that this Court (and the Estate) risk losing the Buyer and continue the sale hearing on the basis of some speculative venture and notion of value.

---

[1] Unless the contexts indicates otherwise, all capitalized terms have the meaning set forth in the Sale Motion.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5401-000\35\1286538.1                    2

As discussed below, the Bend Property has been on the market for ten months. The Bend Property is subject to overbids and Creditor is welcome to submit an overbid. As provided in the Sale Motion, the Trustee has determined, based on her business judgment, that the sale of the Bend Property to the Buyer will provide a significant benefit to the Estate. The Creditor has admitted in the Objection that he does not have a proposal for the purchase of the Bend Property at this time and, frankly, it is unclear if he will have a proposal to purchase the Bend Property if he were given additional time to "explore possible alternatives." The Trustee and the Estate cannot jeopardize losing the Buyer and netting a significant amount for the Estate simply on Creditor's belief – without any evidence – that the Bend Property is worth more. The Buyer has paid a deposit, provided proof of funds, conducted appraisals and inspections, and is able and ready to close on the sale of the Bend Property in November 2018. Creditor, on the other hand, has provided nothing and has not made any commitment to ensure that the Estate is protected.

Accordingly, the Trustee respectfully requests that this Court deny the Creditor's request for a continuance of the hearing on the Sale Motion and that the Court grant the Sale Motion so that the Trustee may proceed with the sale of the Bend Property to the Buyer (or successful overbidder) and does not lose this favorable business opportunity to provide a significant benefit to the Estate.

**B.    Creditor Has Known for Ten Months That the Trustee Intended to Sell the Bend Property and the Listing Price for the Bend Property, and Could Have Made an Offer at Anytime to Purchase the Bend Property.**

In his Objection, Creditor asserts that he was unaware that negotiations were underway for the proposed sale, let alone the proposed purchase price or terms of the proposed sale. The Creditor cites to no case law or statutory authority requiring that the Trustee keep all creditors apprised of all offers received and her negotiations as to those offers. However, as required under the Bankruptcy Code, the Trustee did provide the Creditor with notice on January 23, 2018 that she was employing the Broker to market and sell the Bend Property for sale. The Trustee's application to employ the

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5401-000\35\1286538.1                              3

Broker indicated that the Bend Property would be listed for $2,995,000.00. The Creditor did not oppose the employment of the Broker and/or object to the listing price for the Bend Property.[2]

Contrary to the Creditor's assertion in his Objection that he has not had sufficient time to review alternatives and options regarding the sale of the Bend Property, Creditor has had since January 2018 to make an offer for the Bend Property (whether on his own or by putting together a group or creditors, or others, to purchase the Bend Property). Further, on July 20, 2018, Trustee's counsel returned Creditor's counsel's telephone call regarding the status of the case, including the sale of the Bend Property. Trustee's counsel advised Creditor's counsel that, given the size and location of the Bend Property, the Trustee had received few offers for the Bend Property and that the Bend Property was unlikely to sell for a purchase price which was high enough to provide a distribution to non-priority unsecured creditors, such as a the Creditor. At an absolute bare minimum, Creditor knew at least three months ago that general unsecured creditors would likely not receive a distribution and could have started working on his "proposal". Accordingly, Creditor has had months to make an offer for the Bend Property, but has failed to do so.

**C.    Creditor Was Provided With Sufficient Notice That the Trustee Intended to Sell the Bend Property Pursuant to Local Bankruptcy Rules.**

In his Objection, Creditor asserts that he was not given sufficient time to review the Sale Motion.[3] Creditor was provided with notice of the Sale Motion pursuant to Local Bankruptcy Rules. Local Bankruptcy Rule ("LBR") 6004-1(c)(1)(B) provides that "[a] sale of property that is either subject to overbid or concerning which the trustee or debtor in possession has been contacted by potential overbidders," must be set for hearing pursuant to LBR 9013-1(d). LBR 9013-1(d)(2) provides that "[t]he notice of a motion and motion must be filed and served not later than 21 days

---

[2] The Internal Revenue Service filed a priority unsecured claim (Claim 1) for $4,100,670.39 on August 8, 2016. The Franchise Tax Board also filed a secured claim (Claim 5) for $1,378,955.24 on August 31, 2016, which the Trustee is seeking to avoid as a preferential transfer. The Creditor has been on notice for over two years that the IRS's priority unsecured claim would be paid before Creditor's claim. The Creditor has also been on notice since January 2018 that the Trustee had listed the Bend Property for less than the amount owed to the IRS, making it unlikely that the Creditor would receive any distribution in the instant case.

[3] In the Objection, Creditor's counsel asserts that he only received the Sale Motion on October 5, 2018. However, as provided in the Proof of Service attached to the Sale Motion, Creditor's counsel received NEF service of the Sale Motion, so he should have received electronic service on October 2, 2018.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5401-000\35\1286538.1        4

before the hearing date designated in the notice . . ." The Sale Motion and Notice of the Sale Motion (Docket No. 357) were filed and served on October 2, 2018, which was 21 days prior to the hearing date of October 23, 2018 designated on the Sale Motion. Accordingly, Creditor was provided with sufficient notice of the Sale Motion pursuant to Local Bankruptcy Rules. In other words, Creditor is arguing that the notice period under the Local Bankruptcy Rules is inadequate and he should be given additional time. Creditor cites to no authority supporting such request; this is because none exists.

## II.    CONCLUSION

Based on the foregoing, the Trustee respectfully requests the Court overrule the Creditor's Objection and enter an order granting the Sale Motion in its entirety.

Respectfully submitted,

**SHULMAN HODGES & BASTIAN LLP**

DATED: October 16, 2018        By:    */s/ Rika M. Kido*
                                    Leonard M. Shulman
                                    Rika M. Kido
                                    Attorneys for Lynda T. Bui, Chapter 7 Trustee

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5401-000\35\1286538.1        5

## DECLARATION OF RIKA M. KIDO

I, Rika M. Kido, declare as follows:

1. I am an associate with Shulman Hodges & Bastian LLP, attorneys for Lynda T. Bui, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Russel Dennis Hiles, III ("Debtor"), Case No. 6:16-bk-16877-WJ. I have personal knowledge of the facts set forth herein, and if called an sworn as a witness, I could and would competently testify thereto.

2. I make this Declaration in support of the Chapter 7 Trustee's Reply to Creditor ("Creditor") Christopher Borgeson's Objection ("Objection") and Request for Continuance of Hearing and Time to Object to Trustee's Motion for Order: (1) Approving the Sale of Real Property of the Estate Free and Clear of Certain Liens Pursuant to Bankruptcy Code §§ 363(b)(1) and (f), Subject to Overbids, Combined With Notice of Bidding Procedures and Request for Approval of the Bidding Procedures Utilized; (2) Approving Sale of Personal Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(f); (3) Approving Payment of Real Estate Commission and Other Costs; and (3) Granting Related Relief, Docket No. 356 ("Sale Motion"). Unless the contexts indicates otherwise, all capitalized terms have the meaning set forth in the Sale Motion.

3. On July 20, 2018, I returned Creditor's counsel's telephone call regarding the status of the case, including the sale of the Bend Property. I advised Creditor's counsel that, given the size and location of the Bend Property, the Trustee had received few offers for the Bend Property and that the Bend Property was unlikely to sell for a purchase price which was high enough to provide a distribution to non-priority unsecured creditors, such as the Creditor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of October, 2018, at Irvine, California.

                                             */s/ Rika M. Kido*
                                             Rika M. Kido

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5401-000\35\1286538.1            6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S REPLY TO CREDITOR CHRISTOPHER BORGESON'S OBJECTION AND REQUEST FOR CONTINUANCE OF HEARING AND TIME TO OBJECT TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 16, 2018  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **CHAPTER 7 TRUSTEE: Lynda T. Bui (TR)**    trustee.bui@shbllp.com, C115@ecfcbis.com
- **COUNSEL FOR THE DEBTOR: Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **COUNSEL FOR U.S. TRUSTEE: Everett L Green**    everett.l.green@usdoj.gov
- **COUNSEL FOR CHAPTER 7 TRUSTEE: Rika Kido**    rkido@shbllp.com, ncarlson@shbllp.com
- **INTERESTED PARTY: Samuel Kornhauser**    skornhauser@earthlink.net
- **INTERESTED PARTY: Joshua Lichtman**    joshua.lichtman@nortonrosefulbright.com, Rhonda.cole@nortonrosefulbright.com
- **INTERESTED PARTY: Charity J Manee**    charity@rmbklaw.com
- **INTERESTED PARTY: William F McDonald**    Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com
- **INTERESTED PARTY: Randall P Mroczynski**    randym@cookseylaw.com
- **INTERESTED PARTY: Ronak N Patel**    rpatel@rivco.org, gabgarcia@rivco.org;mdominguez@rivco.org

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) October 16, 2018 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
Honorable Wayne Johnson
United States Bankruptcy Court
3420 Twelfth Street, Suite 385
Riverside, CA 92501

**Debtor**
Russel Dennis Hiles III
155 Metate Place
Palm Desert, CA 92260-7334

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 16, 2018 | Nicole Carlson | */s/ Nicole Carlson* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **INTERESTED PARTY: Steven G. Polard**    spolard@ch-law.com, cborrayo@ch-law.com
- **INTERESTED PARTY: Kelly M Raftery**    bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
- **COUNSEL FOR U.S. TRUSTEE: Jason K Schrader**    jason.K.Schrader@usdoj.gov
- **INTERESTED PARTY: Anthony Sgherzi**    anthony.sgherzi@doj.ca.gov
- **COUNSEL FOR CHAPTER 7 TRUSTEE: Leonard M Shulman**    lshulman@shbllp.com
- **INTERESTED PARTY: United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **INTERESTED PARTY: Scott S Weltman**    colcaecf@weltman.com
- **INTERESTED PARTY: Rebecca J Winthrop**    rebecca.winthrop@nortonrosefulbright.com, evette.rodriguez@nortonrosefulbright.com
- **INTERESTED PARTY: Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **INTERESTED PARTY: Kristin A Zilberstein**    ecfnotifications@ghidottilaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**