Case 6:16-bk-16877-WJ    Doc 518    Filed 12/30/19    Entered 12/30/19 16:10:25    Desc
Main Document    Page 1 of 6

1-28 (line numbering)

Lynda T Bui, Trustee
3550 Vine Street, Ste. 210
Riverside, CA 92507
Telephone:   (949) 340-3400
Facsimile:    (949) 340-3000
Email: Trustee.Bui@shulmanbastian.com

Chapter 7 Trustee

**FILED & ENTERED**

**DEC 30 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY moser    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**RUSSEL DENNIS HILES, III,**<br><br>　　　　　　Debtor. | Case No. 6:16-bk-16877-WJ<br><br>CHAPTER 7<br><br>**ORDER:**<br><br>**(1) AUTHORIZING THE SHORT SALE OF REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO BANKRUPTCY CODE §§ 363(b) AND 363(f);**<br><br>**(2) APPROVING PAYMENT OF REAL ESTATE COMMISSION AND OTHER COSTS; AND**<br><br>**(3) GRANTING RELATED RELIEF**<br><br>**[155 Metate Place, Palm Desert, CA 92260]**<br><br>**Hearing:**<br>Date:   December 30, 2019<br>Time:  1:00 p.m.<br>Place: Courtroom 304<br>　　　　United States Bankruptcy Court<br>　　　　3420 Twelfth Street<br>　　　　Riverside, CA 92501 |

**Lynda T. Bui,
Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

1

23064-000 Sale Order (Palm Desert Property)

On December 30, 2019, the Court held a hearing regarding the "Chapter 7 Trustee's Motion for Order: (1) Authorizing the Short Sale of Real Property of the Estate Free and Clear of Liens Pursuant to Bankruptcy Code §§ 363(b) and 363(f); (2) Approving Payment of Real Estate Commission and Other Costs; and (3) Granting Related Relief Including Approval of Bankruptcy Code § 506(c) Surcharge" (docket #510) ("Motion") filed by Lynda T. Bui, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Russel Dennis Hiles, III ("Debtor").  All appearances were noted on the record.

In this Order, the term "Property" means the real property of the Estate located at 155 Metate Place, Palm Desert, California 92260.  The Property is situated in the City of Palm Desert, County of Riverside, State of California and legally described as follows[1]:

PARCEL 1:

LOT 10 OF TRACT NO. 27709, IN THE CITY OF PALM DESERT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 245 PAGE(S) 67 THROUGH 71, INCLUSIVE, OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

EXCEPTING THEREFROM ALL OIL, GAS AND MINERAL DEPOSITS TOGETHER WITH THE RIGHT TO PROSPECT FOR, MINE AND REMOVE THE SAME AS RESERVED BY THE UNITED STATES OF AMERICA IN THE PATENT RECORDED APRIL 25, 1961 AS INSTRUMENT NO. 35226; OCTOBER 18, 1960 AS INSTRUMENT NO. 89920 AND SEPTEMBER 13, 1961 AS INSTRUMENT NO. 78638 ALL OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 2:

ALL USE RIGHTS AND EASEMENTS SPECIFIED AS EXISTING IN OR GRANTED TO AN OWNER IN THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR BIGHORN, RECORDED OCTOBER 2, 1990 AS INSTRUMENT NO. 364698 AND MODIFIED OCTOBER 1, 1991 AS INSTRUMENT NO. 340403 AND BY DECLARATION OF ANNEXATION RECORDED AUGUST 3, 1993 AS INSTRUMENT NO. 301648 ALL OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, (THE DECLARATION).

PARCEL 3:

NON-EXCLUSIVE EASEMENTS OVER, UNDER AND ACROSS THE PALM VALLEY STORMWATER CHANNEL PROJECT FOR BRIDGES, WATER, SEWER, TELEPHONE, ACCESS, ROAD AND OTHER UTILITY PURPOSES

---

[1] The legal description for the Property is believed to be accurate but may be corrected or updated by the title company in the transfer documents as necessary to complete the sale.

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

23064-000 Sale Order (Palm Desert Property)

SUBJECT TO THE TERMS AND CONDITIONS OF THE DECLARATION AND THE TERMS AND CONDITIONS CONTAINED IN THAT CERTAIN FINAL ORDER OF CONDEMNATION ACTION, ENTERED IN CASE NO. 498807 (PREVIOUSLY CASE NO. 36116, INDIO SUPERIOR COURT) OF SUPERIOR COURT FOR THE COUNTY OF SAN DIEGO, A CERTIFIED COPY OF WHICH RECORDED FEBRUARY 23, 1990 AS INSTRUMENT NO. 67978 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

Assessor Parcel No.: 771-300-015-6

In this Order, the term "Secured Creditor" means collectively the current servicing agent and/or the current holder of the first lender deed of trust on the Property as shown in the public records in the County of San Bernardino, State of California.

The Court, having considered the Motion and related pleadings and good cause having been shown, it is ORDERED that:

1.  The Motion is granted contingent upon the Secured Creditor's express approval of the terms of a short sale of the Property and the Trustee's compliance with any conditions required by the Secured Creditor for the short sale of the Property under this Order. The Trustee is authorized to (a) short sell the Property on an as-is, where-is basis, without any warranties or representations, to a buyer approved by the Secured Creditor ("Approved Buyer"), in an amount approved by Secured Creditor and whose real estate contract for the purchase and sale of the Property ("Approved Sale Contract") is approved by the Secured Creditor.

2.  The sale of the Property to the Approved Buyer shall be on the terms and conditions of the (a) Approved Sale Contract, (b) the letter(s) approving the short sale from the Secured Creditor ("Approval Letter"), and (c) this Order.

3.  The Trustee's sale of the Property to the Approved Buyer shall be on an as-is, where-is basis, without any warranties or representations given to the Approved Buyer, and the purchase price shall be in an amount approved by the Secured Creditor.

4.  Pursuant to Bankruptcy Code sections 363(f)(1) and 363(f)(5), the Trustee may sell the Property free and clear of all liens, claims and interests including, but not limited to, all liens shown on the preliminary title report attached as Exhibit 2 to the Declaration of Lynda T. Bui

**Lynda T. Bui,
Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

3

23064-000 Sale Order (Palm Desert Property)

annexed to the Motion with all liens, claims and interests attaching the proceeds of sale of the Property to the same extent, validity or priority (if any) that they attached to the Property.

5. Through the escrow for the sale of the Property, the Trustee is authorized to pay compensation for real estate services to the Trustee's real estate broker team of GlassRatner Brokerage Services, Inc. and BK Global Real Estate Services (collectively "Trustee's Broker"), and the Approved Buyer's real estate broker ("Selling Broker"), in the amounts as approved by the Secured Creditor but in no event more than five percent of the gross selling price, with the commission to be split between the Trustee's Broker and the Selling Broker in amounts to be determined and approved by the Secured Creditor.

6. Through the escrow for the sale of the Property, if the Secured Creditor consents, the Trustee is authorized to pay Trustee's Broker up to $22,919.78 for reimbursement of expenses the Trustee's Broker incurred to maintain the Property so that it could be marketed for sale and to avoid homeowners' association charges for violations.

7. The sale is contingent upon the Secured Creditor permitting the Trustee and the Estate to receive no less than $72,500 of the Sale Proceeds which would otherwise have been paid to the Secured Creditor as its cash collateral as its share of the Sale Proceeds ("Short Sale Proceeds"). The consent of the Secured Creditor to allow the payment of Short Sale Proceeds to the Trustee is based on a voluntary act by the Secured Creditor to allow sale proceeds (which would otherwise have been its cash collateral) to be used to pay unsecured claims in the case. The release by the Secured Creditor of its lien on cash collateral that is used to fund the Short Sale Proceeds shall be solely for the benefit of the unsecured creditors of the Estate and not for the benefit of the debtor or junior secured lenders. Accordingly, notwithstanding any other provision in this order, no exemption or junior liens shall attach to the Short Sale Proceeds.

8. The Property will not be sold by the Trustee unless the Estate receives the Short Sale Proceeds which funds will be used for payment of administrative claims of the Estate and allowed claims in accordance with the Bankruptcy Code. From the Short Sale Proceeds, not less than 40% shall be used to pay non-administrative creditors in this case. Up to 60% of the Short Sale Proceeds ("Admin. Portion") may be used to pay the trustee's fee for selling the Property and

**Lynda T. Bui,
Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

4

23064-000 Sale Order (Palm Desert Property)

all attorney's fees and other administrative expenses associated with the administration and sale of the Property.  To the extent that the Admin. Portion is insufficient to pay all of the trustee's fees arising from the sale of the Property or other administrative costs (such as attorney's fees and costs) arising from the administration and sale of the Property, such trustee fees, attorneys' fees and administrative claims are deemed waived and shall not be paid from any other property of the Estate.

9. The sale of the Property is contingent upon the Secured Creditor releasing all its liens and claims against the Property and the Estate with respect to the Property (including waiving any deficiency claims resulting from the Trustee's sale of the Property, if any).

10. The Trustee is authorized to execute any and all documents to effectuate the short sale as set forth in the Approved Contract and the Approval Letter (collectively the "Sale Documents") and this Order.

11. Upon close of escrow on the short sale of the Property, in compliance with Local Bankruptcy Rule 6004-1(g), the Trustee shall file a report of sale detailing the terms of sale.

12. The Trustee is hereby authorized, and empowered to (a) perform under, consummate, and implement the short sale of the Property as approved by the Secured Creditor; (b) execute all additional instruments and documents that may be reasonably necessary, desirable or required by the Secured Creditor to implement the terms of the Sale Documents and this Order; (c) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, encumbering or transferring the Property as contemplated by the Sale Documents and this Order; and (d) take such other and further steps as are contemplated by or reasonably required to fulfill the Trustee's obligations under the Sale Documents and this Order, all without further order of the Court.  The Trustee is authorized to execute all documents in connection with the sale transaction approved by this Order.

13. The Approved Buyer is a good faith purchaser pursuant to Bankruptcy Code Section 363(m) and, as such, is entitled to all of the protections afforded thereby.  The Approved Buyer will be acting in good faith within the meaning of Bankruptcy Code Section 363(m) in

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

5

23064-000 Sale Order (Palm Desert Property)

closing the sale transaction contemplated by the Sale Documents at all times after the entry of this Order.

14. This Court shall and hereby does retain jurisdiction to (a) enforce and implement the terms and provisions of the Sale Documents and this Order, all amendments thereto, any waivers and consents thereunder and any other supplemental documents or agreements executed in connection therewith; (b) compel delivery and payment of the consideration provided for under the Sale Documents and this Order; and (c) interpret, implement, and enforce the provisions of the Sale Documents and this Order.

15. Pursuant to 11 U.S.C. § 363(m), absent a stay of this Order pending appeal, the reversal or modification on appeal of this Order, or any provision thereof, shall not affect the validity of the sale transaction approved hereby which is consummated prior to such stay, reversal or modification on appeal.

16. The validity of the sale approved under this Order shall not be affected by the appointment of a successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

17. In recognition of the need to effectuate a closing of the sale as quickly as possible and that Secured Creditor's approval of the short sale expires December 31, 2019, Federal Rule of Bankruptcy Procedure 6004(h) is waived with regard to the sale of the Property and such sale may take place immediately upon entry of this Order, unless a party in interest obtains a stay pending appeal prior to the closing.

### 

Date: December 30, 2019

_____
Wayne Johnson
United States Bankruptcy Judge

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

23064-000 Sale Order (Palm Desert Property)

6